UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIRBESHA BAILEY,<br><br>Defendant. | 5:19-CR-50167-09-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL |

Defendant, Kirbesha Bailey, filed a Rule 29 motion for judgment of acquittal after a jury found her guilty on September 7, 2021, of one count of conspiracy to distribute a controlled substance as charged in the superseding indictment. Docket 446. A jury also found that this conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Docket 435. The United States opposes the motion. Docket 458. For the following reasons, the court denies Bailey's motion.

## BACKGROUND

In a superseding indictment, a grand jury charged Bailey with one count of conspiracy to distribute a controlled substance. Docket 88. A jury trial began on August 31, 2021. At the close of evidence, before the jury began deliberating, Bailey made an oral motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The United

States orally opposed the motion, and the court denied Bailey's motion for judgment of acquittal. The jury began deliberating and returned a verdict of guilty on September 7, 2021. Docket 435.

## DISCUSSION

### I. Legal Standard

Rule 29 allows convicted defendants to file a motion for judgment of acquittal after a jury returns its verdict. Fed. R. Crim. P. 29(c)(1). The jury verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)). The Rule 29 standard is " 'very strict' and a jury's verdict should not be overturned lightly." *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (quoting *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)).

The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence. *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "Th[e] court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Boesen*, 491 F.3d at 856 (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)). "[T]he district court is not to weigh the evidence or assess the credibility of witnesses[]" but rather is to evaluate the

evidence in the light most favorable to the government to determine if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Baker*, 367 F.3d at 797.

**II.     Whether Sufficient Evidence Exists to Sustain the Guilty Verdict**

A jury found Bailey guilty of one count of conspiracy to distribute a controlled substance and that this conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Docket 435. This charge required the United States to prove beyond a reasonable doubt that there was an agreement to distribute a controlled substance, that Bailey intentionally joined this agreement, and that at the time she did so, Bailey knew the purpose of the agreement. *See United States v. Campbell*, 986 F.3d 782, 804 (8th Cir. 2021). The United States also had to prove beyond a reasonable doubt that the conspiracy involved more than 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In her motion for acquittal, Bailey argues that "[t]here was no evidence that Bailey knew of the conspiracy or intended to accomplish a specific illegal objective." Docket 446 at 5.

Based on testimony from multiple witnesses and several exhibits, a reasonable jury could have found that Bailey intentionally joined the agreement to distribute methamphetamine and that at the time she did so, she knew the purpose of the agreement. One witness, Thomas Gamage,

testified that he bought methamphetamine from Edward Lamont Martin to sell to others, and Gamage recorded several of his encounters with Martin. These recordings and Gamage's testimony identified Christopher James, who Bailey was living with at the time in Las Vegas, as Martin's cousin and methamphetamine supplier. Exhibits 47-48; *see* Draft Trial Transcript Vol. II at 14, 17, 25-27, 184, 189.

Gamage's testimony was corroborated by Sara Skinner, who testified that Martin and several other individuals in Rapid City sent money to James to pay for methamphetamine shipments. Vol. I at 47-48, 52. Martin also sent money directly to Bailey. Vol. II at 170. As demonstrated by records from Walmart, Western Union, and UPS, money transfers were often sent from Rapid City to Las Vegas shortly before a package would be sent from Las Vegas to Rapid City. *See* Docket 445 at 7-9, 11-12; Vol. II at 155, 158, 167-69, 174-75. On September 1, 2019, James received $800 from an individual in Rapid City on September 1, 2019, and two days later, Bailey was captured in a photograph mailing a package to Rapid City. Exhibits 19, 52; Vol. II 101-02, 161, 180. Gamage testified that a few days after Bailey mailed this package, Martin received a shipment of methamphetamine. *See* Vol. II at 18-19. An individual using the internet in Bailey's apartment checked the delivery status of this package on multiple occasions. Exhibits 18, 49; Vol. II 187-90.

4

Bailey argues that the government was only "able to show . . . that Bailey was merely associated with members of a conspiracy" and that it relied solely on "inferences based on conjecture and speculation." Docket 446 at 5. Bailey claims that it is only "speculation what was in the package that Bailey mailed[,] . . . that Bailey knew what was in [that] package[,] . . . [and] that she was the one tracking the package, even though other adults had access to the internet service." *Id.* However, based on Gamage's testimony, a reasonable jury could conclude that methamphetamine was in the package that Bailey mailed and that based on Bailey tracking this package, she did know that it contained methamphetamine. Although Bailey claims that any of the adults living in her apartment could have used her internet to track the package, this contradicts her statement to law enforcement that she was the only one with password access. Exhibit 39.

Bailey also claims the money sent to her by Martin was for Bailey taking care of his child. *See* Docket 446 at 2-3. But "the government's case need not rule out every reasonable hypothesis except guilt," as long as there is "an interpretation of the evidence that would allow a reasonable minded jury to find the defendant guilty beyond a reasonable doubt." *United States v. White*, 794 F.3d 913, 918 (8th Cir. 2015) (cleaned up). The court viewed the evidence presented at trial and concludes that a reasonable jury could

have found beyond a reasonable doubt that Bailey was guilty of conspiracy to distribute a controlled substance.

## CONCLUSION

Defendant's Rule 29 motion is denied. A reasonable jury could have found Bailey guilty beyond a reasonable doubt based on the evidence presented at trial. Thus, it is

ORDERED that defendant's Rule 29 motion (Docket 446) is denied.

Dated November 30, 2021.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE