UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIRBESHA BAILEY,<br><br>Defendant. | 5:19-CR-50167-KES-9<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Kirbesha Bailey, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 648. Plaintiff, the United States of America, opposes Bailey's motion. Docket 650. For the following reasons, Bailey's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On December 16, 2021, the court sentenced Bailey to 120 months in custody. Docket 533. Bailey's Guideline range, based on a total offense level of 34 and a Criminal History Category of I, was 151-188 months in custody. Docket 513 at 12; Docket 533-1 at 1. The statutorily required minimum sentence the court must impose was 120 months. 21 U.S.C. § 841(b)(1)(A). Bailey requests a sentence reduction because she believes she qualifies under Amendment 821, Subpart 1 of Part B, which provides a decrease of two offense levels for zero-point offenders. Docket 648 at 1.

2

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

The United States agrees that Bailey meets the ten criteria, making her eligible for a two-level reduction to her offense level; but this reduction makes no difference because she is still subject to the ten-year mandatory minimum sentence. Docket 650 at 3-4.

Except in circumstances that are not present here, the court may not reduce a defendant's term to "less than the minimum of the amended guideline range" applicable after the changes to the Guidelines are applied. U.S.S.G. § 1B1.10(b)(2)(A). Decreasing Bailey's offense level by 2 levels results in a total offense level of 32 which, when coupled with her Criminal History Category I,

results in a Guideline range of 121-151 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Under U.S.S.G. § 5G1.1(b), when "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Pursuant to that provision, the lowest sentence Bailey can receive is 120 months in custody. Because the new Guidelines amendment does not decrease the sentence that may be imposed on her, Bailey is not eligible for relief.

## CONCLUSION

It is ORDERED that Bailey's motion (Docket 648) is DENIED.

Dated February 14, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4